RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5 / 2 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICK RENISON JOHN<br>#19025-018 | DOCKET NO. 11-CV-254; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| MARIA MEDINA | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a *second* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 filed by pro se Petitioner Patrick Renison John. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at the Federal Correctional Institution at Pollock, Louisiana. As in his prior 2241, Petitioner attacks the 1997 sentence imposed on him in the United States District Court for the Middle District of Florida.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DENIED AND DISMISSED**.

### *Background*

Petitioner was indicted on or about September 5, 1995, on four counts of drug charges. After trial by jury, Petitioner was convicted of counts 1, 2, and 4, and acquitted on count three of the indictment. He was sentenced to 262 months of imprisonment on

each count, to run concurrent, with 120 months of supervised release. [See Docket #8:95-cr-237 (MDFL 1995)]. Petitioner appealed his conviction, and the case was remanded for re-sentencing. Petitioner was re-sentenced to the same term of imprisonment, and the term of supervised release changed to 60 months. Petitioner again appealed, and this time the appellate court affirmed.

On May 8, 2000, Petitioner filed a Motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255. [See Docket #8:95-cr-237 (MDFL1995), Doc. #271] The motion was stayed pending appeals, but was finally denied on March 11, 2004. [Id. Doc. #431] Petitioner filed a motion for certificate of appealability, which was denied by the appellate court. [Id. Doc. #456] On September 25, 2008, Petitioner filed a motion to reduce sentence in the trial court. [Id. Doc. #484] The motion was denied on October 30, 2008. [Id. Doc. #488] Petitioner's appealed, but it was dismissed for want of prosecution for failing to pay filing fees. Another appeal by Petitioner was dismissed for lack of jurisdiction and as untimely. [Id. Doc. #496]

On August 11, 2010, Petitioner filed an "Emergency Application for Leave to File Successive Motion to Vacate Sentence." The Eleventh Circuit Court of Appeal denied the motion on September 8, 2010.

Thereafter, Petitioner filed a habeas petition under 28 U.S.C.

§2241 in this Court. The petition was denied and dismissed because Petitioner failed to show that he met the conditions of the savings clause.

Undeterred, Petitioner filed another petition under 28 U.S.C. §2241, which is now before the Court.

### Law and Analysis

After he was unable to satisfy the "savings clause" of §2255, Petitioner filed this petition, purportedly attacking the "manner in which his sentence is being executed." Here, he claims that the Bureau of Prisons [BOP] has miscalculated his sentence of two hundred sixty-two months. However, the 262 month sentence was not calculated or imposed by the Bureau of Prisons. The sentence was calculated and imposed by the district court. Thus, Petitioner is actually challenging the sentence imposed by the Court, not the calculation by the Bureau of Prisons.

Moreover, were Petitioner truly attempting to attack the calculation by the BOP under 28 U.S.C. § 2241, he would first have to exhaust his administrative remedies through the Bureau of Prisons. Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.1993)(quoting United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th

Cir.1990)(citations omitted).[1]

Regardless, Petitioner's 262 month sentence was "calculated" by the district court and the BOP is enforcing the 262 month sentence. Petitioner has not alleged that the BOP altered that term of imprisonment. Thus, Petitioner's allegation that the BOP has miscalculated his sentence is without merit.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED**.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

---

[1] Although the Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"), see Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the PLRA does not apply to federal *habeas* proceedings. Nothing in Jones prohibits the *sua sponte* dismissal of a section 2241 petition on exhaustion grounds.

4

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 2nd day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE